LESLIE GRIFFITH, PLAINTIFF AND RESPONDENT, v. J. F. MC-ALEAR, AND BIG FISH UNLIMITED, AN UNINCORPORATED ASSOCIATION, AND RALPH SHENEMAN, ALBERT MEIERS, AND DON JOHNSON, AS DIRECTORS OF BIG FISH UNLIMITED, AN UNINCORPORATED ASSOCIATION, DEFENDANTS AND APPELLANTS.

No. 9844.
Decided December 4, 1959.
346 Pac. (2d) 980.

See **C. J. S.** Joint Adventures, § 12.

F. N. Hamman and J. A. Turnage, Polson, for appellants.

F. N. Hamman and J. A. Turnage, Polson, argued orally for appellants.

Keeley, McElwain & Ryan, Deer Lodge, for respondent.

Robert P. Ryan, Deer Lodge, argued orally for respondent.

PER CURIAM.

This appeal is from a judgment entered upon a special verdict. The action involved a big fish, a sturgeon, 7½ feet long, weighing 187 pounds, 1 ounce, that was caught in Flathead Lake, Montana, by the plaintiff herein on May 28, 1955. The controversy covers a period between May 28, 1955, and September 24, 1956.

In 1951, an unincorporated organization named Big Fish Limited was formed at Polson, Montana, to promote the Flathead Lake region as recreational area. The organization pub-

licly offered rewards to any person catching a fish in Flathead Lake over a certain minimum length.

In April, 1955, plaintiff agreed with the defendant McAlear, one of the directors of Big Fish Limited, that any large fish which he might catch would be placed on exhibition with admissions to be charged to the public. Subsequently, on May 28, 1955, plaintiff caught the before-mentioned fish and delivered it to the defendant McAlear.

The fish was exhibited in or near Polson for several days and for such period the plaintiff was paid $698.48, which amount was one-half of the gross receipts.

On July 12 or July 13, 1955, a dispute arose between defendant McAlear and the plaintiff over certain arrangements to fish for another fish, and apparently also over the ownership of the fish heretofore described. The parties had no further dealings with each other, but the defendant McAlear and the defendant Big Fish Unlimited retained the fish and exhibited it during tourist season of 1955 and 1956. The total gross receipts from the exhibition of the fish were $2,881.60.

The plaintiff brought suit on two counts, asking a determination of ownership of the fish and for an accounting by defendants of the proceeds from the exhibition.

The defendants' answer admitted that plaintiff had caught the fish, admitted that there was an agreement as to exhibiting the fish during the period of May 28, 29, 30, 1955, but denied that plaintiff was the owner of or entitled to the possession of the fish.

As to the second cause of action, the defendants admitted that from the exhibition of the fish the plaintiff had received the sum of $698.48, but asserted that from that date on the fish was exhibited at a loss and generally denied all other allegations of the complaint.

The answer also contained a special defense to the effect that the plaintiff parted with any right, title or interest that he had in the fish on account of a joint venture between himself and

McAlear, representing Big Fish Unlimited; whereby the plaintiff caused the Association to become involved in a boat deal in which the plaintiff was to attempt to catch another big fish, and that the fish already caught would become the property of Big Fish Unlimited, and that the skin of the fish would be mounted with the meat of the fish being equally divided between plaintiff and defendants.

The reply was a general denial of the answer and special defense.

The matter was set for trial and a jury was impaneled, evidence adduced, and the cause was submitted to the jury on certain interrogatories. The verdict was to the effect that appellants owned the fish, but that respondent was entitled to 50 per cent of the gross proceeds and for an accounting therefor for the entire period it was exhibited. No objection was made by the appellants to any of the court's instructions nor to the form of the verdict. The appellants set up three specifications of error. The first one is that the court erred in entering judgment requiring an accounting. The second and third ones are to the effect that the verdict and judgment are not supported by competent evidence.

At the outset, we must agree with the respondent in his brief where he says that it is difficult to understand what precise questions are intended to be raised by the appellants.

We have carefully reviewed the evidence, and looking to the appellant's own testimony find that there was ample substantial evidence upon which the jury was justified in answering the interrogatories to the effect that the ownership of the fish was with the Association but that the plaintiff was entitled to an accounting for monies received from the exhibition of the fish and that this accounting was on a 50-50 basis on gross proceeds. While there is some conflict in the testimony as to whether or not the agreement called for 50 percent of the gross proceeds as compared to the net proceeds, this was a conflict which was settled by the jury. We will not disturb the

jury's findings nor the court's judgment rendered thereon under these circumstances.

We have carefully reviewed all of the evidence contained in the record concerning this matter and find no error. The judgment is affirmed.